IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NOTHERN DIVISION

| | |
|---|---|
| LASHUNDRA M. KING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:24-cv-00791-RAH |
| ) | [WO] |
| HYUNDAI MOTOR ) | |
| MANUFACTURING ALABAMA, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Hyundai Motor Manufacturing Alabama LLC's Motion to Dismiss. (Doc. 23.) The motion is fully briefed and ripe for decision. The motion is due to be granted, as Plaintiff Lashundra M. King's Complaint is time-barred, and she is not entitled to equitable tolling.[1]

## **JURISDICTION AND VENUE**

Subject matter jurisdiction is conferred by 28 U.S.C. § 1331, and venue properly lies in the Middle District of Alabama, *see* 28 U.S.C. § 1391.

## **LEGAL STANDARD**

In deciding a Rule 12(b)(6) motion, a court considers only the allegations contained in the complaint and any attached exhibits. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). A Rule 12(b)(6) motion tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

---

[1] Since the timeliness of the lawsuit is dispositive, Hyundai's other arguments for dismissal will not be addressed.

8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context–specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

Conclusory allegations that are merely "conceivable" and fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Id.* at 555, 570 (citation omitted). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the–defendant–unlawfully–harmed–me accusation." *Iqbal*, 556 U.S. at 678 (citation omitted). Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citation omitted).

## BACKGROUND

After meeting with an investigator from the Equal Employment Opportunity Commission ("EEOC"), King filed a charge of discrimination with the EEOC on May 7, 2024, against her employer, Hyundai Motor Manufacturing Alabama LLC. (*See* doc. 21-1.) In her charge, King detailed alleged sexual harassment and retaliation based on her sex beginning in April 2023, that her harassing supervisor was terminated in December 2023, and that she was written up in April 2024 after she complained. She made no mention of her pregnancy or discrimination based on

2

her pregnancy in her charge.

The EEOC issued to King a Dismissal and Notice of Rights ("Notice") on May 10, 2024, stating that the "EEOC is closing this charge because your charge was not filed within the time limits under the law; in other words, you waited too long after the date of the alleged discrimination to file your charge." (Doc. 23-1 at 2.) The Notice also stated that "[t]his is the official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondents(s) on this charge under federal law in federal or state court, your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice. . . Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days." (*Id.*)

King did not file suit within 90 days of receiving the Notice. Instead, on June 7, 2024, King contacted the EEOC, asked for a new investigator, and complained about its finding of an untimely charge.

That communication apparently had some effect on the EEOC because the EEOC, approximately one month <u>after</u> the 90-day period had expired, on September 10, 2024, issued a "Revocation of Notice of Right to Sue" ("Revocation"). (Doc. 23-2.) The Revocation[2] notified King of the following:

> Pursuant to Section 1601 of the Commission's Procedural Regulations, 29 CFR Section 1601.19(b), you are hereby notified that the Dismissal and Notice of Rights ("Notice") dated May 10, 2024, pertaining to charge number 420-2024-02557 is hereby revoked. It was determined that the Notice dated May 10, 2024, was issued in error as no jurisdiction (untimely). A review of the evidence revealed that on May 7, 2024, the charge was duly and timely filed with the Commission's Birmingham District Office. The revised Notice is enclosed detailing

---

[2] Although the Revocation was not attached to the Complaint or Amended Complaint, Hyundai attached a copy to its Motion to Dismiss. The Court can take judicial notice of the Revocation, without converting the motion to dismiss to a summary judgment motion, as it is a matter of public record, central to the complaint allegations, and is not disputed.

> that the charge is closed as a No Cause determination. The evidence of record failed to indicate that a violation had occurred. It was further determined that further investigation would not yield evidence sufficient to change this conclusion. The revised Notice describes the right to pursue the matter further by filing a lawsuit in federal court within 90-days of receipt. If a lawsuit is not filed within the statutory 90-day period, the right to sue will be lost and cannot be restored by the Commission.

(*Id.*)

The Determination and Notice of Rights ("Determination") that accompanied the Revocation notified King that the EEOC made no determination and no findings as to the merits of her allegations. (Doc. 21-2 at 1.) And like the May 10 Notice, the Determination informed King that she must file her lawsuit within 90 days of her receipt of the notice.

King filed her lawsuit on December 9, 2024. This filing came seven months after the May 10, 2024, Notice had been issued and three months after that Notice was revoked and a new one issued.

King filed an Amended Complaint on May 13, 2025, (doc. 21), to which Hyundai filed a Motion to Dismiss, (doc. 23). In her Amended Complaint, King alleges that she was subjected to discrimination and retaliation on the basis of her sex and pregnancy in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civi Rights Act of 1991, 42 U.S.C. § 2000e *et seq.*, and the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), and in violation of the Pregnant Workers Fairness Act, 42 U.S.C. § 2000gg-2000-gg-6 ("PWFA"). She also alleges Hyundai failed to accommodate her pregnancy.

## DISCUSSION

In its Motion to Dismiss, citing the Eleventh Circuit's decision in *Stamper v. Duval Cnty. Sch. Bd.*, 863 F.3d 1336 (11th Cir. 2017), Hyundai argues that King's failure to file suit within 90 days of receiving the May 10, 2024, Notice is fatal to

4

King's claims, and that the EEOC could not revive King's expired right to sue by revoking the May 10, 2024, Notice under 29 CFR § 1601.19(b) and then issuing a new one.

It is undisputed that King did not file her lawsuit within the original 90-day window. Accordingly, the issue is whether the EEOC's September 10, 2024, Revocation and Determination revive and reset the already expired 90-day clock, and if not, whether King is afforded equitable tolling.

### A.     The 90-Day Period Was Not Revived

Section 2000e-5(e)(1) instructs that an administrative charge "shall be filed" with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred." Failure to file within 180 days bars a litigant's Title VII and PWFA claims. 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 2000gg-2(a)(1) (incorporating the procedures and remedies of Title VII into the PWFA). Once the EEOC investigates, and if it dismisses the charge, the claimant must file a judicial complaint within 90 days of receiving the notice of dismissal and right to sue. 42 U.S.C. § 2000e-5(f)(1).

Cited by the EEOC as the basis for its right to revoke King's Notice and to issue a new one is 29 C.F.R. § 1601.19(b), which provides as follows:

> The Commission may on its own initiative reconsider a final determination of no reasonable cause and an issuing director may, on his or her own initiative, reconsider a <u>final determination of no reasonable cause</u>. If the Commission or the director of the issuing office decides to reconsider a final no cause determination, a notice of intent to reconsider shall promptly issue to all parties to the charge. If such notice of intent to reconsider is issued within 90 days of receipt of the final no cause determination, and the person claiming to be aggrieved or the person on whose behalf a charge was filed has not filed suit and did not request and receive a notice of right to sue pursuant to § 1601.28(a) (1) or (2), the notice of intent to reconsider shall vacate the letter of determination and shall revoke the charging party's right to bring suit within 90 days. <u>If the 90 day</u>

5

> suit period has expired, . . . the notice of intent to reconsider shall vacate the determination, but shall not revoke the charging party's right to sue within 90 days. After reconsideration, the Commission or a director of the issuing office shall issue a new determination. In those circumstances where the charging party's right to bring suit in 90 days was revoked, the determination shall include notice that a new 90-day suit period shall begin upon the charging party's receipt of the determination. Where a member of the Commission has filed a Commissioner charge, he or she shall abstain from making a determination in that case.

*Id.* (emphasis added).

Under 29 C.F.R. § 1601.21(b):

The Commission may, however, on its own initiative reconsider its decision or the determination of any of its designated officers who have authority to issue Letters of Determination, except that the Commission will not reconsider determinations of reasonable cause previously issued against a government, governmental entity or political subdivision after a failure of conciliation as set forth in § 1601.25.

> (1) In cases where the Commission decides to reconsider a dismissal or a determination finding reasonable cause to believe a charge is true, a notice of intent to reconsider will promptly issue. If such notice of intent to reconsider is issued within 90 days from receipt of a notice of right to sue and the charging party has not filed suit and did not receive a notice of right to sue pursuant to § 1601.28(a)(1) or (2), the notice of intent to reconsider will vacate the dismissal or letter of determination and revoke the notice of right to sue. If the 90–day period has expired, . . . the notice of intent to reconsider will vacate the dismissal or letter of determination, but will not revoke the notice of right to sue. After reconsideration the issuing Director will issue a determination anew. In those circumstances where the notice of right to sue has been revoked, the issuing Director will, in accordance with § 1601.28, issue a notice of right to sue anew which will provide the charging party with 90 days within which to bring suit.

6

*Id.* (emphasis added).

In its Revocation, the EEOC cited 29 C.F.R. § 1601.19(b) as the basis for its revocation. It is doubtful that 29 C.F.R. § 1601.19(b) affords the EEOC the ability to revoke a dismissal and right to sue letter when the charge was dismissed as untimely, as that regulation speaks to a "final determination of no reasonable cause." In King's case, the EEOC made no such determination. Instead, it simply dismissed the charge as untimely. 29 C.F.R. § 1601.21(b) does speak to dismissals but caveats the ability to revoke as following the issuance of a notice of intent to reconsider, which the EEOC did not issue here. *See* 29 C.F.R. § 1601.19(b) (procedure for "no cause" determinations); 29 C.F.R. § 1601.21(b)(1) (procedure for "reasonable cause" determinations); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 246 (5th Cir. 1980) ("The EEOC may issue a second ninety-day right-to-sue notice upon completion of a discretionary reconsideration of a prior determination provided it has given notice to both parties of its decision to reconsider within the ninety-day period provided by the initial notice of right-to-sue.").[3]

Putting aside the EEOC's ability to take this action concerning a dismissed charge, what is clear is that when a reconsideration by the EEOC occurs outside of the 90-day limitations period, the reconsideration does not revoke a previously-issued right to sue notice. 29 C.F.R. § 1601.21(b)(1) ("If the 90-day period has expired . . . the notice of intent to reconsider will vacate the dismissal . . . but will not revoke the notice of right to sue"); *see also Gonzalez*, 610 F.2d at 246. And the Eleventh Circuit in *Stamper* has held that § 1601.19(b) "permits the issuance of a new notice of a right to sue only after the Commission issues a notice of intent to reconsider before the expiration of the original limitations period." *Stamper*, 863 F.3d 1336 at 1342. In that case, "[b]ecause the Commission issued [the plaintiff] a

---

[3] Under *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court is bound by cases decided by the former Fifth Circuit before October 1, 1981.

7

notice of intent to reconsider years after her limitations period expired, the notice failed to revive her right to sue." *Id*. That same principle applies when the EEOC issues a revocation notice and new right to sue notice after the 90-day period has expired. *See Dougherty v. Barry*, 869 F.2d 605, 610–11 (D.C. Cir. 1989) (dismissing Title VII action as untimely where plaintiff failed to file lawsuit within 90 days of original notice of right to sue and EEOC had failed to revoke notice within 90 days); *Martin v. KMart Corp.*, No. 94-1316-CIV-T-17C, 1995 WL 137438, at *1–2 (M.D. Fla. Mar. 27, 1995) (stating that "[b]ecause the EEOC did not decide to reconsider the first notice until more than ninety (90) days after its issuance, the second notice could not 'work to recover a lost right to sue'" (citation omitted)); *see also Gitlitz v. Campagnie Nationale Air France*, 129 F.3d 554, 557 (11th Cir. 1997) (citing *Gonzalez* as controlling Eleventh Circuit precedent and dismissing claim not filed within 90 days of original notice of right to sue where the EEOC did not reconsider prior determination).

And that makes sense. Otherwise, the 90-day time limitation is no limitation at all, since it is subject to the whims of the EEOC which can manipulate the process to revive stale charges at any time. Simply put, the EEOC's second right to sue notice failed to revive King's already-expired limitation period.

### B. There Is No Equitable Tolling

King also argues for application of equitable tolling, as it is recognized that the 90-day period is not a jurisdictional requirement. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Miller v. Marsh*, 766 F.2d 490, 493 (11th Cir. 1985). Whether or not equitable tolling applies to the facts of a case is a legal question. *Miranda v. B&B Grocery Store*, 975 F.2d 1518, 1531 (11th Cir. 1992).

To qualify for equitable tolling, King must show "(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." *Villarreal v. R.J. Reynolds Tobacco Co.*,

8

839 F.3d 958, 971 (11th Cir. 2016) (quoting *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016)). Equitable tolling is an "extraordinary remedy which should be extended only sparingly." *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004) (quoting *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993)). Specifically in the Title VII context, the Eleventh Circuit has recognized three situations in which equitable tolling may be appropriate: (1) when a state court action is pending; (2) when the defendant has concealed facts supporting a cause of action under Title VII; and (3) when the defendant misled the plaintiff about the nature of her rights under Title VII. *Manning v. Carlin*, 786 F.2d 1108, 1109 (11th Cir. 1986).

      King has not pointed to any allegations in the Amended Complaint—or evidence submitted by any of the parties—that shows the existence of some extraordinary circumstance that supports the application of equitable tolling here. There is no pending state action or any allegation of concealment or a misleading act by Hyundai, the EEOC, or the Court. Further, King points to no confusing communication, miscommunication, statement or action by the EEOC concerning the 90-day time limit, the statute of limitations, or any intent by the EEOC to timely revoke its previous dismissal of her charge, let alone one that reasonably justified sitting on her right to sue. And she makes no reasonable allegation that she was lulled into inaction by the EEOC, nor could she since the original right to sue notice put her on clear notice of the 90-day period. King claims that she met with the EEOC on June 7, 2024, to contest its untimeliness finding, but she points to nothing from that meeting where the EEOC said or gave her something that was confusing or misleading or led her to believe that she should not comply with the 90-day notice. As a result, equitable tolling does not apply here.

9

## CONCLUSION

Defendant Hyundai Motor Manufacturing LLC's Motion to Dismiss (doc. 23) is due to be **GRANTED**. King failed to timely file her lawsuit, and she is not entitled to equitable tolling. A separate judgment will issue.

DONE, on this the 5th day of August 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE